E-FILED on:   **12/29/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAMAR PETROLEUM, INC., <br><br>  Plaintiff, <br><br> v. <br><br> CONOCOPHILLIPS COMPANY, a Texas Corporation and DOES 1 through 10, <br><br>  Defendants. | No. C-08-05436 RMW <br><br> ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER <br><br> **[Re Docket No. 4]** |

    Plaintiff Damar Petroleum, Inc. filed this action on December 2, 2008 against ConocoPhillips Company seeking various types of relief for ConocoPhillips' alleged plan to drastically raise the rent on Damar's two gasoline stations located in San Jose, California. Damar further alleges that it is a petroleum franchisee of ConocoPhillips under the Petroleum Marketing Practices Act ("Act") and that ConocoPhillips' intended action violates the Act and California Corporations Code §§ 31000 *et seq*. Damar seeks, among other relief, injunctive relief including an immediate temporary restraining order to prevent ConocoPhillips from raising the rent on the two stations, which are scheduled to take effect beginning on January 1, 2009. Damar asserts that "CONOCO's unprecedented increase in the rent at Plaintiff's stations will destroy the goodwill value of Plaintiff's business and cause Plaintiff serious financial injury." Compl. ¶ 50.

Although Damar filed its action on December 2, 2008, it apparently has yet to serve ConocoPhillips. On Christmas eve, December 24, 2008, at 4:18 p.m., it filed an *ex parte* application for a temporary restraining order. It served the documents by overnight mail on Glynn & Finley, LLP, whom Damar believes represents ConocoPhillips.

Although Damar's complaint may have merit, there is no excuse for delaying the application for a temporary restraining order until the Christmas and New Year's holidays. Further, there is no showing that Damar's financial condition is such that it will be irreparably injured if the first payment under the allegedly illegal rent increase falls due on January 1, 2009. Therefore, it is hereby ordered that Damar's application for an *ex parte* temporary restraining order is denied without prejudice. It may be renewed on or after January 6, 2009 before the assigned judge with appropriate notice to defendant's counsel.

DATED:     12/29/2008

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER
No. C-08-02725 RMW
TSF                                           2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Thomas Paul Bleau          bleaushark@aol.com
Gennady Leonid Lebedev     glebedev@bleaufox.com

**Counsel for Defendant:**

Clement L. Glynn           cglynn@glynnfinley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**   12/29/2008                                    TSF
                                               **Chambers of Judge Whyte**

ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER
No. C-08-02725 RMW
TSF                                3