A CERTIFIED TRUE COPY
ATTEST

By Mecca S. Thompson on Jun 11, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

C09 02040

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 11, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Filed

IN RE: CONOCOPHILLIPS CO. SERVICE
STATION RENT CONTRACT LITIGATION

JUN 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

MDL No. 2040

## TRANSFER ORDER

**Before the entire Panel**: Common defendant ConocoPhillips Company (ConocoPhillips) moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the twelve actions listed on Schedule A in the Northern District of California. The defendant's motion encompasses six actions in the Central District of California, four actions in the Northern District of California and one action each in the Eastern District of California and Southern District of California. Plaintiffs in all actions support centralization but suggest the Central District of California as the transferee district.

After considering the argument of counsel, we find that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from ConocoPhillips's alleged plan to raise the rent on its gasoline service stations. Specifically, plaintiffs are ConocoPhillips dealers or franchisees who allege, *inter alia*, that ConocoPhillips's rent policy constitutes a material breach of the franchise agreements and violation of certain federal and California statutes. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Either of the two suggested transferee districts, the Northern District of California or the Central District of California, would be an appropriate transferee forum for this litigation. Multiple actions are pending in each district, and no action is well progressed. On balance, we are persuaded that the Northern District of California is preferable. Centralization in this district permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

IN RE: CONOCOPHILLIPS CO. SERVICE
STATION RENT CONTRACT LITIGATION                    MDL No. 2040

## SCHEDULE A

### Central District of California

K S 4000 Inc. v. ConocoPhillips Co., C.A. No. 2:08-8544
HM Khosh Inc. v. ConocoPhillips Co., C.A. No. 2:08-8546
NRU Inc. v. ConocoPhillips Co., C.A. No. 2:08-8548
RHA Inc. v. ConocoPhillips Co., C.A. No. 2:08-8549
4JR Enterprises Inc. v. ConocoPhillips Co., C.A. No. 2:09-164
Rohinton F. Irani v. ConocoPhillips Co., C.A. No. 2:09-223

### Eastern District of California

Denmuller Mechanical Inc. v. ConocoPhillips Co., C.A. No. 2:08-3007

### Northern District of California

Damar Petroleum, Inc. v. ConocoPhillips Co., C.A. No. 5:08-5436
Matthew E. Horton v. ConocoPhillips Co., C.A. No. 5:08-5437
Kyoung Suk Rho v. ConocoPhillips Co., C.A. No. 5:08-5545
Hamilton Associates FLP v. ConocoPhillips Co., C.A. No. 5:08-5763

### Southern District of California

AA Rancho Inc. v. ConocoPhillips Co., C.A. No. 3:09-42