**E-FILED on** ___6/2/10___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: ConocoPhillips Co. Service Station Rent Contract Litigation | No. M:09-cv-2040 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>**[Re Docket No. 69 ]** |

Defendant's motion to dismiss the Amended Complaint came on for hearing before the court on May 28, 2010. Plaintiffs oppose the motion. Having considered the papers submitted by the parties and the arguments of counsel at hearing on this matter, and for good cause appearing for the reasons set forth below, defendant's motion to dismiss is granted. Plaintiffs shall have twenty days leave to file an amended complaint.

## BACKGROUND

This multi-district litigation is brought against defendant ConocoPhillips Company by many of its gasoline service station lessee-dealers. Each of the plaintiffs owns or operates a Union 76 brand service station under a franchise agreement with ConocoPhillips, a sample of which is attached as Exhibit A to the Amended Complaint.

1 The Amended Complaint asserts three claims for relief.  The first claim for relief alleges that the defendant violated the California Franchise Investment Law ("FIL"), Cal. Corp. Code §31000 et seq., by not providing the disclosures set forth in Section 31101(c) at the time defendant renewed each plaintiff's franchise agreement.  Specifically, the Amended Complaint alleges that at the time each agreement was renewed, defendant failed to provide notice of its intent to increase the rent, of its practice in charging each plaintiff a credit and debit card processing fee on every transaction, and of its intent to assign each franchise agreement to a third party as a part of a bulk sale.  The second claim for relief is brought under California Business and Professions Codes Section 17200 and is premised on the same alleged violations of the FIL.  The third claim is for declaratory relief based on the same conduct, seeking a declaration that defendant's actions violated the FIL.  Thus, the validity of the second and third claims for relief wholly depend upon the validity of the first claim for relief.

## ANALYSIS

### I. First Claim for Relief: Violation of California Franchise Investment Law

Defendant moves to dismiss the Amended Complaint on the ground that the disclosure requirements set forth in Corporations Code Section 31101 do not apply to renewals of existing franchise agreements and instead apply only at the outset of a new franchise agreement. Accordingly, defendant argues that each of plaintiffs' claims for violation of Section 31101 must be dismissed.  Additionally, defendant moves to dismiss the Section 31101 claims of 37 of the plaintiffs on the ground that each is barred by the one-year statute of limitations set forth in the FIL in that the franchise renewals occurred more than one year prior to the filing of the lawsuit.

Plaintiffs oppose the motion, arguing that the statutory disclosure requirements must be made at the time of a franchise renewal.  Moreover, plaintiffs argue that the rent increase was a material modification of the franchise agreement that triggered disclosure under Section 31101(c)(2). Finally, plaintiffs contend that the statute of limitations has not run because the acts upon which plaintiffs sued (increasing the rent and charging credit and debit card processing fees) occurred less than one-year prior to filing suit.

Defendant's argument on the disclosure requirement of the FIL is convincing. First, the FIL does not require the franchisor to make the disclosures specified in Section 31101(c) when an existing franchise agreement is renewed. Section 31101(c) applies to the offer and sale of a franchise, but renewals of existing franchises are excluded from the statutory definitions of "offer" and "sale." Cal. Corp. §31018. The reason is that the FIL was enacted to ensure that prospective franchisees are adequately informed of their duties and obligations under franchise relationships before entering into them. *See* Cal. Corp. § 31001 ("It is the intent of this law to provide each prospective franchisee with the information necessary to make an intelligent decision regarding franchises being offered."). Case law interpreting the statute has also held that the disclosure obligation applies only to new franchise agreements and not to renewals. *Davis v. Gulf Oil Corp.*, 572 F. Supp. 1393, 1396-98 (C.D. Cal. 1983).

In opposition, plaintiffs cite to dicta from an unpublished decision, *Mahroom v. Best Western International, Inc.,* 2007 WL 2123565, *5 (N.D. Cal. 2007) (J. Fogel), to support their argument that disclosure obligations apply whenever a franchise agreement is renewed. As defendant correctly notes, however, not only is the statement in *Mahroom* dicta and the decision an unpublished one, but a subsequent decision in that same case confirmed that the FIL does not apply to renewals of existing franchise, expressly citing *Davis v. Gulf Oil Corp.* for the proposition. Reply at 3, citing *Mahroom v. Best Western International, Inc.*, 2009 WL 2216578 (N.D. Cal. 2009) (J. Fogel). Accordingly, plaintiffs' argument is not persuasive.

Plaintiffs also contend, however, that the rental increase was a material modification to the franchise agreement and that under Section 31108, a material modification of an existing franchise relationship is a "sale" within the meaning of the statute, thus triggering the disclosure requirements. Defendant correctly notes, however, that the Amended Complaint does not allege that defendant "materially modified" the franchise agreements, nor is any claim asserted based upon a material modification of the agreements as opposed to a failure to make Section 31101(c) disclosures at the time of franchise renewal. Moreover, even if there was a material modification, that does not save plaintiffs' claim. Section 31101(c) sets forth two alternative disclosure requirements. Section 31101(c)(1) applies upon the offering of an initial franchise to a prospective franchisee, in which

case the franchisor must make the comprehensive disclosures required in Section 31101(c)(1). In the case of a material modification of an existing franchise agreement, however, Section 31101(c)(2) provides that the franchisor must disclose in writing to each franchisee information concerning the specific sections of the agreement proposed to be modified.

Under Section 31101(c)(2), upon receipt of notification of a material modification, the franchisee has ten days in which to object and rescind the agreement. Thus, assuming the rent increase was a material modification, the franchisor would have to give notice to the franchisee, and then the franchisee would have ten days to object and rescind, or alternatively, acquiesce in the change. It would not give rise to a suit for damages for failure to provide the disclosures required by Section 31101(c)(1).

Accordingly, the first claim for relief is dismissed. Plaintiffs are granted twenty days leave to amend. The court does not reach the statute of limitations issue.

**II.     Second and Third Claims for Relief**

Plaintiffs' second claim for relief under California's Unfair Competition Law (Business and Professions Code Section 17200) and third claim for relief (declaratory relief) are both premised on defendant's violation of the FIL by failing to make disclosures at the time of the franchise agreement renewals. Defendant had no obligation to make the Section 31101(c)(1) disclosures at the time of renewal, however, and thus defendant's failure to do so cannot support a claim for unfair competition or for declaratory relief. Accordingly, the claims are dismissed, with leave to amend.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiffs shall have twenty days leave in which to file and serve an amended complaint.

DATED:     6/2/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

**Gennady L. Lebedev**
Email: gennady@lebedevlaw.com

**Thomas Paul Bleau**
Email: bleaushark@aol.com

**Melissa JeeHee Rhee**
Email: mrhee@palumbolawyers.com

**Counsel for Defendant:**

**Adam Friedenberg**
Email: afriedenberg@glynnfinley.com

**Jonathan A. Eldredge**
Email: jeldredge@glynnfinley.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/2/10                           TER
                                  **Chambers of Judge Whyte**